Michael J.D. Sweeney (*pro hac vice - to be filed*)
Alex Dumas (*pro hac vice- to be filed*)
GETMAN, SWEENEY & DUNN, PLLC
260 Fair St.
Kingston, New York 12401
Telephone: (845) 255-9370
Fax: (845) 255-8649
msweeney@getmansweeney.com
adumas@getmansweeney.com

Christian J. Gabroy, Esq. (#8805)
GABROY LAW OFFICES
The District at Green Valley Ranch
170 S. Green Valley Parkway, Suite 280
Henderson, NV  89012
Telephone: (702) 259-7777
Fax: (702) 259-7704
Christian@gabroy.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **BRIAN SMITH, on behalf of himself and those similarly situated persons,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**KELLOGG COMPANY and KELLOGG SALES COMPANY,**<br><br>**Defendants.** | **FAIR LABOR STANDARDS ACT COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff BRIAN SMITH ("Smith"), on behalf of himself and all others similarly situated, by and through his counsel, upon personal knowledge as to himself and his actions, alleges upon information and belief as to all other matters, as follows:

COMPLAINT - 1

**NATURE OF THE ACTION**

1. This case is brought to remedy the failure of Defendant KELLOGG COMPANY and Defendant KELLOGG SALES COMPANY (hereafter "Kellogg") to pay Plaintiff and other employees who were required to visit retail stores and merchandise Kellogg products on shelves and displays and who were paid on a salary basis without compensation at the rate of time and one-half for all hours worked more than 40 in a workweek as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, including without limitation Retail Sales Representatives ("RSRs"), Territory Managers ("TMs"), Retail Sales Managers ("RSMs"), and Kellogg Sales Representatives ("KSRs") (together referred to as "RSR").

2. Kellogg has employed Smith since approximately April 2014. He began working as a RSR in approximately August 2014.

3. The job responsibilities of an RSR include loading product onto a cart; bringing product from backroom to the store floor; pulling, facing, and rotating product on the shelves; noting what inventory to bring out on the floor; organizing the back stock area; hanging signs on shelves; placing coupons on product; transferring product from shelf to display; building, relocating, and removing displays; recording inventory levels; in some cases replenishing inventory and processing returns; interacting with Kellogg personnel; and cleaning up trash and disposing of it.

4. Smith and the other RSRs regularly worked in excess of 40 hours in a week for which Kellogg did not pay them overtime premium wages.

5. By the conduct described in this Complaint, Kellogg has violated the FLSA by failing to pay its employees proper overtime compensation. These violations arose out of Kellogg's company-wide policies and pattern or practice of violating wage and hour by not paying RSRs overtime premium pay at the rate of time and one-half the regular rate.

6. Smith brings individual and representative claims to remedy these overtime violations. Smith brings FLSA claims as a nationwide collective action, on his own behalf and on behalf of other similarly situated employees, under 29 U.S.C. §§ 201 *et seq.*, and

COMPLAINT - 1

Getman, Sweeney & Dunn, PLLC
260 Fair St.
Kingston, NY 12401
Telephone: (845) 255-9370

specifically, the collective action provision, 29 U.S.C. § 216(b).

7. This case seeks to compel Kellogg to pay Smith and similarly situated Plaintiffs all the wages it wrongfully withheld from them, plus damages under federal law, penalties, and fees and costs as prescribed by law.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

9. In addition, the Court has jurisdiction over the Smith's claims under the FLSA pursuant to 29 U.S.C. § 216(b). In addition, Plaintiff herein attaches his consent to joinder as Exhibit I.

10. Upon information and belief, Kellogg is subject to personal jurisdiction in Nevada.

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12. Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Kellogg is subject to personal jurisdiction here.

13. Kellogg has employed Smith and other RSRs in this District since at least 2007.

14. Kellogg conducts business in this District.

## THE PARTIES

**Plaintiff**

**A.  Brian Smith**

15. Brian Smith's written consent to be a party to this action is attached as Exhibit I.

16. Smith resides in North Las Vegas, Nevada.

17. Smith has been employed by Kellogg in Nevada since approximately April 2014. Smith has worked for Kellogg as an RSR since approximately August 2014.

18. Pursuant to Kellogg's policy and pattern or practice, Smith regularly worked more than 40 hours per week as an RSR for Kellogg's benefit without receiving overtime compensation at the rate of time and one-half his regular rate.

19. Smith was engaged in commerce in his work for Kellogg.

COMPLAINT - 1

Getman, Sweeney & Dunn, PLLC
260 Fair St.
Kingston, NY 12401
Telephone: (845) 255-9370

**B. Represented Parties under the FLSA**

20. The term "Plaintiffs" as used in this Complaint refers to Smith and any additional represented class members pursuant to the collective action provision of 29 U.S.C. § 216(b).

21. Smith brings FLSA claims on behalf of himself and the "FLSA Collective Action Class" defined as:

> All persons who have worked for Kellogg between three years prior to the filing of this case and the date of final judgment in this matter and were required to visit retail stores and merchandise Kellogg products on retail store shelves and displays and were paid on a salary basis without compensation at the rate of time and one-half for all hours worked more than 40 in a workweek. Job positions within this class include without limitation RSRs (Retail Sales Representatives), TMs (Territory Managers), KSRs (Kellogg Sales Representatives), and RSMs (Retail Sales Managers)

22. Smith brings this case as a collective action for class members throughout the United States as defined in the preceding paragraph, under the collective action provision of the FLSA as set forth in 29 U.S.C. § 216(b).

23. Kellogg is liable under the FLSA for failing to properly compensate Smith and the FLSA Collective Action Class. Upon information and belief, there are many similarly situated current and former employees of Kellogg who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Kellogg, are readily identifiable, and can be located through Kellogg's records. Notice should be sent to the FLSA Collective Action Class pursuant to 29 U.S.C. § 216(b).

**Defendants**

24. Defendant Kellogg Company is a publicly held company.

25. Defendant Kellogg Company and its subsidiaries are engaged in the manufacturing and marketing of ready-to-eat cereal and convenience foods.

COMPLAINT - 1

Getman, Sweeney & Dunn, PLLC
260 Fair St.
Kingston, NY 12401
Telephone: (845) 255-9370

26. Defendant Kellogg Company's headquarters are located at One Kellogg Square, P.O. Box 3599, Battle Creek, Michigan 49016-3599.

27. Defendant Kellogg Sales Company is a subsidiary of Defendant Kellogg Company.

28. Upon information and belief, Defendant Kellogg Sales Company's headquarters are located at One Kellogg Square, P.O. Box 3599, Battle Creek, Michigan 49016-3599.

29. Plaintiff Smith performed work on behalf of Kellogg in Nevada.

30. Upon information and belief, Kellogg Company and Kellogg Sales Company individually and collectively grossed more than $500,000 in each of the last ten calendar years.

31. Kellogg Company and Kellogg Sales Company individually and collectively are an enterprise engaged in interstate commerce for the purposes of the FLSA.

32. Kellogg employed Smith and members of the FLSA Collective Action Class, and participated directly in employment decisions regarding the rights for which Smith and the Plaintiffs seek redress in this case. All actions and omissions described in this Complaint were made willfully by Kellogg directly or through its supervisory employees and agents.

## **FACTS**

33. Smith has been employed by Kellogg since approximately April 2014. He has worked for Kellogg as an RSR since August 2014.

34. Kellogg employs RSRs throughout the country.

35. RSRs, including Smith, are responsible for loading product onto a cart; bringing product from backroom to the sales floor; pulling, facing, and rotating product on the shelves; noting what inventory to bring out on the floor; organizing the back stock area; hanging signs on shelves; placing coupons on product; transferring product from shelf to display; building, relocating, and removing displays; recording inventory levels; in some cases replenishing inventory and processing returns; interacting with Kellogg personnel; cleaning up the trash and disposing of it.

36. Kellogg established the job responsibilities for Smith and other RSRs.

37. Kellogg regularly studies RSRs job performance and responsibilities.

COMPLAINT - 1

Getman, Sweeney & Dunn, PLLC
260 Fair St.
Kingston, NY 12401
Telephone: (845) 255-9370

38. Kellogg uses its regular studies of RSR job performance to model RSR workloads.

39. Upon information and belief, job responsibilities for Smith and other RSRs were and are jointly established, controlled and implemented by Kellogg Company and Kellogg Sales Company.

40. Upon information and belief, the method by which Smith and other RSRs were paid was established jointly by Kellogg Company and Kellogg Sales Company.

41. Kellogg did not pay Smith and other RSRs overtime premium pay at the rate of time and one-half the regular rate for all hours worked more than forty in a work week. For example, Kellogg failed to pay Smith overtime wages for work during the weeks of March 20, 2017 to April 2, 2017 during which Smith worked in excess of forty hours per week. *See* attached redacted paystub hereto as Exhibit B.

42. Kellogg failed to record daily work start and stop times, and failed to record daily and weekly hours worked by Smith and other RSRs.

43. Kellogg records the daily start and stop times and the daily and weekly hours worked by other non-exempt employees.

44. The hours worked by Smith and other RSRs are discernible through Kellogg's records and/or representative testimony of the Plaintiffs.

45. Kellogg's failure to pay Smith and the Plaintiffs the proper wages required by law was willful.

**FIRST CAUSE OF ACTION**

**Fair Labor Standards Act: Unpaid Overtime Wages**

**on behalf of Smith and the FLSA Collective Action Class**

46. Smith re-alleges and incorporates by reference all allegations in all preceding paragraphs.

47. Kellogg did not compensate Smith and the FLSA Collective Action Class at a rate of one and one-half times their regularly hourly rate for pay for all time worked in excess of forty (40) hours in individual workweeks. For example, Kellogg failed to pay Smith overtime wages during the weeks of March 20, 2017 to April 2, 2017 during which Smith worked in

COMPLAINT - 1

Getman, Sweeney & Dunn, PLLC
260 Fair St.
Kingston, NY 12401
Telephone: (845) 255-9370

excess of forty hours per week. *See* attached redacted paystub as Exhibit II.

48. Kellogg's failure to pay overtime premium wages to Smith and the FLSA Collective Action Class is a violation of the FLSA, 29 U.S.C. §§ 201 *et seq*. and its implementing regulations.

49. Kellogg's failure to pay proper wages to Smith and the FLSA Collective Action Class for each hour worked more than 40 per week was willful within the meaning of the FLSA.

50. As a result of Kellogg's violations of the FLSA, Smith and the FLSA Collective Action Class have suffered damages by being denied overtime wages in accordance with the FLSA, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 201 *et seq*.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and his class demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Smith, individually and on behalf of the FLSA Collective Action Class, prays for the following relief:

A. That, at the earliest possible time, Smith be allowed to give notice of this collective action and that Kellogg provide him with names, addresses, telephone numbers, and other contact information for all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit been employed by Kellogg and who fall within the FLSA Collective Action Class described in this Complaint. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages; and

B. Tolling of the FLSA statute of limitations for FLSA Collective Action Class until they have received notice of their right to join this lawsuit;

C. Declaring that Kellogg violated the FLSA;

D. Declaring that Kellogg's violations of the FLSA were willful;

E. Granting judgment to Plaintiffs for their claims of unpaid wages as secured by the FLSA,

COMPLAINT - 1

Getman, Sweeney & Dunn, PLLC
260 Fair St.
Kingston, NY 12401
Telephone: (845) 255-9370

   as well as an equal amount in liquidated damages and interest;

F. Awarding Plaintiffs their reasonable attorneys' fees and costs of suit including expert fees and interest; and

G. Awarding Smith a service payment for serving as the Named Plaintiff.

Dated this __13_ day of July 2017.

               Respectfully submitted,

               By:_/s/ Christian Gabroy_____
               Christian J. Gabroy, Esq.
               **GABROY LAW OFFICES**
               The District at Green Valley Ranch
               170 S. Green Valley Parkway, Suite 280
               Henderson, NV  89012
               Telephone: (702) 259-7777
               Fax: (702) 259-7704
               Christian@gabroy.com

               Michael J.D. Sweeney (*pro hac vice - to be filed*)
               Alex Dumas (*pro hac vice - to be filed*)

               **GETMAN, SWEENEY & DUNN, PLLC**
               260 Fair St.
               Kingston, New York 12401
               Telephone: (845) 255-9370
               Fax: (845) 255-8649
               msweeney@getmansweeney.com
               adumas@getmansweeney.com

               **Attorneys for Plaintiffs and the FLSA Class**

COMPLAINT - 1                        Getman, Sweeney & Dunn, PLLC
                                          260 Fair St.
                                          Kingston, NY 12401
                                          Telephone: (845) 255-9370