# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BRIAN SMITH, et al.,

    Plaintiffs

v.

KELLOG COMPANY and KELLOG SALES COMPANY,

    Defendants

Case No.: 2:17-cv-01914-APG-GWF

**Order Granting Motions to Amend, to Transfer, and to File Surreply**

[ECF Nos. 183, 185, 196]

The plaintiffs move to amend to add newly named plaintiffs whose claims against the defendants are not subject to an arbitration agreement. The plaintiffs also move to transfer the case to the Western District of Michigan so those claims can be adjudicated without further awaiting the conclusion of the arbitration proceedings involving the original named plaintiff, Brian Smith. The defendants oppose these motions and move for leave to file a surreply.

I grant the plaintiffs' motion to amend. *See* Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."). There is no evidence of bad faith. There has been some delay while the arbitration proceedings for plaintiff Brian Smith have proceeded, but there also have been recent anticipated developments in the case law that explain why the plaintiffs have awaited significant rulings regarding the impact of arbitration agreements in the employment context. Kellog has not identified any prejudice or argued that amendment would be futile. The plaintiffs' only prior attempt at amendment was withdrawn. The factors thus favor granting leave to amend. *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013).

I grant the motion to transfer, and I transfer the case to the Western District of Michigan. *See* 28 U.S.C. §§ 1404(a), 1631. I need not resolve whether I have personal jurisdiction over the defendants with respect to the newly named plaintiffs' claims because either way, transfer to the Western District of Michigan would be appropriate under § 1631 or § 1404(a). Section 1631 permits transfer if this court lacks personal jurisdiction over the defendants. *See Fed. Home Loan Bank of Boston v. Moody's Corp.*, 821 F.3d 102, 114-19 (1st Cir. 2016), *abrogated on other grounds by Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553 (2017); *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 223-24 (3d Cir. 2016) (en banc); *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 761-62 (9th Cir. 1990). Alternatively, if this court has personal jurisdiction over the defendants, transfer would be appropriate under § 1404(a).

Both sections require that the action could have been brought originally in the transferee court. There is no dispute these plaintiffs' claims could have been brought in the Western District of Michigan. Both sections also require that the transfer be in the interest of justice. The transfer is in the interest of justice because dismissal would be "time-consuming and justice-defeating." *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990) (quotation omitted). Additionally, the defendants are headquartered in the Western District of Michigan, so it is a convenient forum for witnesses and for access to documentary evidence. Through the motion to transfer, that forum is also now the plaintiffs' forum of choice. The defendants do not dispute the forum would be convenient and, in fact, the defendants dispute this court would be a proper forum for these claims. Transfer thus is in the interest of justice. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).

IT IS THEREFORE ORDERED that the motion to amend **(ECF No. 183)** is **GRANTED**.

IT IS FURTHER ORDERED that the defendants' motion for leave to file a surreply **(ECF No. 196) is GRANTED**.

IT IS FURTHER ORDERED that the plaintiffs' motion to transfer **(ECF No. 185) is GRANTED**. The claims of all plaintiffs are **TRANSFERRED to the Western District of Michigan**. The clerk of the court shall transfer the case to that district and close this file.

DATED this 3rd day of December, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE